UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2742 PA (JPRx) | Date | April 14, 2023 |
|---|---|---|---|
| Title | Theresa Stewart v. National Railroad Passenger Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

     Before the Court is a Complaint filed by plaintiff Theresa Stewart ("Plaintiff").  (Docket No. 1.)  Plaintiff alleges a negligence claim against defendant National Railroad Passenger Corporation, d.b.a. Amtrak ("Defendant").  (Id.)  The Complaint alleges that Plaintiff boarded an Amtrak train in Bakersfield, California and that she fell and sustained injuries when the train "came to a sudden stop" at the Turlock-Denair Station.  (Id. ¶¶ 18–27.)  The Turlock-Denair Station is in Denair, California.

     The Complaint further alleges that venue is proper in the United States District Court for the Central District of California ("Central District") because "the harm complained of occurred in this district, Defendant maintains its headquarters and/or principal place of business here and conducts substantial business here."[1]  (Id. ¶ 11.)  These conclusory allegations are insufficient.  The Complaint does not contain well-pleaded facts to support venue in the Central District.  See 28 U.S.C. § 1391.  For instance, both Bakersfield and Denair are located within the geographic boundary of the United States District Court for the Eastern District of California ("Eastern District").

     Accordingly, the Court orders the parties to show cause in writing why venue is proper in the Central District, and why this action should not be dismissed for improper venue or transferred to the Eastern District – or another United States District Court – for the convenience of the parties and witnesses, and in the interest of justice.  See 28 U.S.C. §§ 1404, 1406.  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.  To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their positions as to which forum is more convenient for the parties and witnesses:

---

[1] However, earlier in the Complaint, Plaintiff alleges that Defendant's principal place of business is located in Washington, D.C., not the Central District.  (Id. ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2742 PA (JPRx) | Date | April 14, 2023 |
|---|---|---|---|
| Title | Theresa Stewart v. National Railroad Passenger Corporation | | |

1. Whether this action could have been brought in the Eastern District;

2. Whether venue is appropriate in the Eastern District;

3. What contacts, if any, each of the parties has to the Central District and the Eastern District;

4. What connection Plaintiff's cause of action has to the Central District and the Eastern District;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Eastern District;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Eastern District; and

9. Whether there are any alternative forums where this action could have been brought that would be more convenient than the Central and Eastern Districts, keeping in mind the foregoing inquiries.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order, or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file her Response to this Order no later than **April 28, 2023.** Defendant may file a Response no later than the latter of **May 12, 2023**, or 21 days after it is served with the Summons and Complaint. Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.